NEW YORK COUNTY.—HON. D. G. ROLLINS, SDRRO-GATE.—February, 1886.

## TILDEN *v.* FISKE.

*In the matter of the estate of* WILLIAM TILDEN, *deceased.*

A provision in a will, for the exigency of a resignation on the part of those therein nominated executors and trustees, though not to be construed as indicating an intent that a nominee having qualified as executor, may abandon his trust at pleasure, is entitled to weight in determining whether a cause assigned by an executor for his proposed resignation should be deemed sufficient to justify it.

One who had, for sixteen years, been actively engaged in performing his duties as one of the trustees of a testamentary trust, the administration of which was nearly completed, having applied to the court for his discharge, it was shown that he intended to reside without the United States, that further attention to his duties would for that reason be inconvenient if not impracticable, and that his retirement would not be likely to embarrass the management, the chief burden of which had hitherto rested upon him.—

*Held*, that "sufficient reasons" were presented, within Code Civ. Pro., §§ 2690, 2814, "for granting the prayer of the petition."

PETITION by Josiah N. Fiske, and others, nominated as executors of and trustees under decedent's will, for leave to resign; opposed as to Mr. Fiske, by certain of the legatees. The facts appear sufficiently in the opinion.

C. E. TRACY, *for petitioners.*

W. S. MACFARLANE, *for B. B. Tilden.*

C. A. HAND, *for Wm. Tilden.*

CHAS. H. WOODRUFF, *for M. Tilden.*

D. J. NEWLAND, *for M. C. Tilden.*

A. H. MAN, *for Almira Tilden.*

THE SURROGATE.—This decedent died in June, 1869, leaving a will which was admitted to probate in July of the same year. By the terms of that instrument five persons were named as its executors; among the number were Mr. David Dows and Mr. Josiah N. Fiske, both of whom were granted letters testamentary in 1869, and both of whom have been acting thereunder ever since. They now ask leave to resign. Mr. Nathan C. Ely, to whom letters were issued in 1870, joins in this application of his co-executors. The grounds which Mr. Ely and Mr. Dows assign for their proposed retirement are admitted by all persons interested in the estate to be sufficient. The application of Mr. Fiske, on the other hand, is opposed. It is claimed that he has not given adequate reasons for surrendering his trust, and that, if such surrender is sanctioned, it may embarrass the future administration of the estate.

I cannot uphold, in its entirety, the contention of counsel for the petitioners, that his clients have hitherto acted as executors simply; that the duties which remain to be performed under the will and its codicils are those of testamentary trustees; that the petitioners did not, by qualifying as executors, undertake to render service as such trustees, and that they have, therefore, an absolute right to the relief which they seek.

Whether the instruments under which the petitioners have been acting must be interpreted as con-

templating at some stage of the administration the cessation of purely executorial functions, and the assumption, by the persons named as executors, of the functions of testamentary trustees, is a question that, under recent decisions, may not perhaps be altogether free from doubt, and that I am not now required to determine.

I am entirely clear, however, that either the trusts which are yet to be discharged can be discharged by executors, as such, or that certain trusts which have been fulfilled already must be deemed to have been fulfilled by the petitioners in the character of trustees. In either event, they are not now entitled to resign, except with the consent of the *cestuis que trustent,* or by permission of a competent court.

If they are to be regarded as executors simply, their qualified right to the revocation of their letters testamentary, and the Surrogate's authority to decree such revocation, are established by §§ 2689, 2690 of the Code of Civil Procedure. If they are to be deemed testamentary trustees, the Surrogate must look to § 2814 of that Code, as the source of his authority to sanction their resignations; and their retirement, whether as executors or as trustees, must be permitted or disapproved accordingly as the Surrogate shall or shall not find that such retirement is justified by " sufficient reasons."

It is provided by § 2819 that, where persons have acted both as testamentary trustees and as executors, they may, in a proper case, obtain relief in both capacities, by instituting a single proceeding for that purpose.

I do not think that, upon the petition and citation before me, any decree providing for the resignations of the petitioners as testamentary trustees can properly be entered. As I have determined, however, for reasons stated below, that the petitioners are entitled to be freed altogether, from further labors and responsibilities in connection with this estate, I shall, in deciding their application upon its merits, treat this proceeding as though it were regularly brought in accordance with the provisions of § 2819. The applicants may, if they shall see fit, amend their petition and obtain the issuance of new citations in conformity with that section; otherwise they will be granted relief as executors only.

I have already stated that, as regards Mr. Dows and Mr. Ely, the prayer of this petition is not opposed. Mr. Fiske declares that it is his purpose to make important changes in his manner of life which will involve such prolonged absences from the United States as to make his further attention to the duties of his trust inconvenient and impracticable. It is conceded that the care and pains of managing this estate during the period that has elapsed since the testator's death have, in a large measure, fallen to the lot of Mr. Fiske.

Now, the testator saw fit, by his wills and codicils, to make an unusually careful provision for supplying vacancies that might from " death, neglect to qualify, disqualification, resignation, or removal," arise in the ranks of his executors. He evidently contemplated that, in the course of the years that would naturally elapse before their tasks would be completed, such

vacancies would inevitably occur. It will be noticed that he provided expressly for cases of "resignation," and while this circumstance does not indicate an intention on his part that any person who should qualify as an executor might abandon his trust at will, it is, nevertheless, entitled to consideration in determining whether a cause assigned by an executor for his proposed resignation should be deemed sufficient to justify it.

Mr. Fiske has been actively engaged in discharging the duties of his office for sixteen years, and lately participated in the sixth accounting of the executors. The administration is now well nigh completed. The debts have long since been paid, the assets realized, and, so far as practicable, distributed. The eldest son of the testator, who was granted letters testamentary nearly nine years ago, is still taking part in the administration of the estate, with the approval of all the parties interested, and does not ask to be retired. For aught that appears, he is fully competent for the discharge of the duties which yet remain to be fulfilled.

I find in reported judicial decisions little light as to what causes courts should regard as sufficient to warrant the resignation of executors and trustees; but it seems to me that, under all the circumstances, Mr. Fiske's claim to be relieved is entitled to favorable consideration, and that to compel his longer continuance in office would be to impose upon him a burden heavier than the testator intended he should bear.